UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT McFADDEN,

        Plaintiff,

  v.                  9:19-CV-0803
                          (GTS/TWD)

SARAH LOMBARDO, et al.,

        Defendants.
_____

APPEARANCES:

ROBERT McFADDEN
Plaintiff, Pro Se
14-B-3670
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403


GLENN T. SUDDABY
Chief United States District Judge

# DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Robert McFadden commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") by filing a pro se civil rights complaint, together with an application for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. No. 2 ("IFP Application"). By Decision and Order of this Court filed August 14, 2019, plaintiff's IFP Application was granted, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's claims were dismissed for failure to state a claim upon which

relief may be granted.  *See* Dkt. No. 5 ("August 2019 Order").  In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint.  *Id*.

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 7 ("Am. Compl.").

## II. DISCUSSION

### A. The Complaint and August 2019 Order

In his original complaint, plaintiff asserted claims arising while he was incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Auburn Correctional Facility ("Auburn C.F.").  *See generally* Compl.

The complaint alleged that plaintiff suffers from "chronic back pain issues, stomach complications, and skin rashes[,]" for which he was prescribed medication prior to March 22, 2019.  Compl. at 5.  The complaint further alleged that between March 22 and April 3, 2019, plaintiff's "medications were held and stopped" as a result of defendant Deputy of Mental Health Foller spreading "lies" to "medical staff[,]" and defendant Nurse Lombardo following "orders from security" to discontinue plaintiff's medications.  *Id*.  In addition to suing defendants Foller and Lombardo, the complaint named Deputy of Programs Schenk, Dr. Dinello, and Corrections Security Sergeant Adams as defendants based on allegations that they also interfered with plaintiff's access to medication.  *Id*.

The complaint was construed to assert Eighth Amendment medical indifference claims against each of the named defendants.  *See* August 2019 Order at 5.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's claims for failure to state a claim upon which relief may be granted.  *See* August 2019 Order at 6-14.

2

### B. Overview of the Amended Complaint

Plaintiff's amended complaint is substantially the same as his original complaint with two exceptions.

First, the amended complaint does not name Deputy of Programs Schenk, Dr. Dinello, or Corrections Security Sergeant Adams as defendants, or re-assert claims against them. *See generally*, Am. Compl.

Second, plaintiff has re-asserted his Eighth Amendment medical indifference claims against defendants Foller and Lombardo based on materially similar as well as new allegations. *See generally*, Am. Compl. The following new facts are set forth as alleged in the amended complaint.

Plaintiff has "persistant [sic] [and] chronic jock itch fungal infection since about March 21, 2017." Am. Compl. at 4. Plaintiff has been "continuously" treated for this condition, which "has never been cured and becomes worst [sic] creating extreme discomfort effecting [his] daily life." *Id.* As of March 23, 2019, plaintiff "was being treated with a cream called Nystin[,]" which provides "temporary relief from [the] burning feeling" and "heals the abrasions in [plaintiff's] groin area." *Id.*

Plaintiff also suffers from "chronic back pain" caused by "narrowing of disc space in [his] spine[,]" which was revealed through x-rays taken on October 6, 2016. Am. Compl. at 4. Since that time, plaintiff has received physical therapy and medication for "pain management[.]" *Id.* As of March 23, 2019, plaintiff was prescribed Mobic for his back pain. *Id.*

In addition, plaintiff suffers from "extreme stomach pains" and "vomit[s] after every meal and drink." Am. Compl. at 4. On October 28, 2016, plaintiff underwent an "upper GI

3

endoscopy procedure" which showed "abnormal" results.  *Id.*  As of March 23, 2019, plaintiff "was being treated with Prilosec/Omeprazole" for his stomach condition.  *Id.*

On March 23, 2019, defendant Foller told defendant Lombardo to "stop issuing [plaintiff his] medications" to punish plaintiff and "cause [him] great pain and extreme discomfort each day."  Am. Compl. at 4.  Defendant Lombardo "disregarded [plaintiff's] medical needs" and instead "took orders from security" even though she never witnessed plaintiff "misuse any medications[.]"  *Id.*  Defendant Lombardo also "spread the orders of security to medical staff," which resulted in all of plaintiff's medications being withheld for eleven (11) days.  *Id.*

As a result of not receiving medications for eleven days, plaintiff "experienced extreme lower back pain daily, . . . [and] began to vomit after each daily meal[.]"  Am. Compl. at 4.  Plaintiff "filled out numerous sick calls" but continued to be denied medication.  *Id.*  On March 30, 2019, defendant Foller told plaintiff that "medical staff will follow his orders" and plaintiff's "grievance won't help [him]."  *Id.*  That same day, plaintiff "went to emergency sick call for vomitting [sic] blood, stomach [and] back pain [and] groin discomfort [and] bleeding."  *Id.*  Plaintiff was given Tums for stomach pain and "told to use sick call."  *Id.*

On April 3, 2019, plaintiff was seen by a doctor and his medications were restored.  Am. Compl. at 4.

For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.     Analysis**

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. §

4

1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the August 2019 Order and it will not be restated in this Decision and Order. *See* August 2019 Order at 2-4.

Claims that prison officials have intentionally disregarded an inmate's medical needs fall under the umbrella of protection from the imposition of cruel and unusual punishment afforded by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 102, 104 (1976). The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction of pain" and is incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Id*.; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) (citing, *inter alia, Estelle*). While the Eighth Amendment does not mandate comfortable prisons, neither does it tolerate inhumane treatment of those in confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle*, 429 U.S. at 104). "First, the alleged deprivation must be, in objective terms, sufficiently serious." *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted). Addressing the objective element, to prevail a plaintiff must demonstrate a violation sufficiently serious by objective terms, "in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). "Second, the defendant must act with a sufficiently culpable state of mind," *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted); that is, the plaintiff must demonstrate that

5

the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *see also Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (With respect to the subjective element, a plaintiff must also demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.'").

"[I]f the prisoner is receiving on-going treatment and the offending conduct is an unreasonable delay or interruption in that treatment, the seriousness inquiry focuses on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (citation and quotation marks omitted); *see also Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (noting that the "seriousness of a delay in medical treatment may be decided by reference to the effect of delay in treatment . . . [c]onsequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay" (citation and quotation marks omitted)). "Where temporary delays or interruptions in the provision of medical treatment have been found to satisfy the objective seriousness requirement in [the Second] Circuit, they have involved either a needlessly prolonged period of delay, or a delay which caused extreme pain or exacerbated a serious illness." *Ferguson v. Cai*, No. 11-CV-6181, 2012 WL 2865474, at *4 (S.D.N.Y. July 12, 2012).

"For example, in *Smith*, an HIV positive inmate alleged that prison defendants deprived him of HIV medication on two occasions, first for seven days then for five days, despite his repeated requests for medication." *Thurmond v. Thomas-Walsh*, No. 18-CV-409, 2019 WL 1429559, at *6 (S.D.N.Y. Mar. 29, 2019) (citing *Smith*, 316 F.3d at 181). "The Second Circuit concluded that in assessing the seriousness of the plaintiff's medical

condition, it was appropriate to consider that the plaintiff failed to present any evidence 'that the two alleged episodes of missed medication resulted in permanent or on-going harm to his health' and whether the plaintiff had been 'exposed to an unreasonable risk of future harm due to the periods of missed HIV medication.'" *Id*. (quoting *Smith*, at 316 F.3d at 188-89).

Here, plaintiff's Eighth Amendment claim is not based on a failure to treat, but rather upon a denial of medication for his stomach, back, and skin conditions for eleven days. Am. Compl. at 4. The complaint, however, lacks any allegations explaining how any of these conditions interfered with plaintiff's daily activities. Plaintiff does not allege, for example, that as a result of not receiving medication for these conditions, he lost weight, or experienced difficulty walking, working, exercising, or sleeping. Nor does plaintiff allege facts which plausibly suggest that any of his conditions worsened over the eleven-day period that he was allegedly deprived of medication, let alone that the alleged denial of treatment may result in long-term consequences to plaintiff's health.

While the Court is sympathetic to plaintiff's contentions that he was in pain as a result of not receiving his prescribed medications, "a skin rash or condition, even one that involves bleeding and scarring, is not a medical condition that gives rise to an Eighth Amendment deliberate indifference claim, even where there are delays in treatment." *Thurmond*, 2019 WL 1429559, at *7 (collecting cases). Similarly, an alleged eleven-day delay in access to medication for lower back pain or stomach pain, unaccompanied by any allegations which plausibly suggest any limitations on daily activities, a worsening condition, or any long-term consequences, is insufficient to satisfy the objective seriousness requirement. *See Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (holding, inter alia, that none of the conditions of which the plaintiff complained, i.e., eczema, back pain, various stomach disorders, allergies

7

and asthma, qualified as a "serious medical need"); *Rodriguez v. Smith*, No. 9:10-CV-0734 (NAM/DEP), 2011 WL 4479689, at *6 (N.D.N.Y. Aug. 19, 2011) ("Plaintiff's pain medication claim is focused not upon a failure to treat, but rather upon two delays of modest duration—for two weeks in June 2010 and two weeks over Christmas vacation in December 2009—in providing prescribed pain medication. Such minor and inconsequential delays are insufficient to satisfy the objective prong of the Eighth Amendment deliberate indifference test, and are not properly characterized as a constitutionally significant 'refusal' to provide medical treatment."), *report and recommendation adopted by* 2011 WL 4424357 (N.D.N.Y. Sept. 21, 2011); *Tafari v. Weinstock*, No. 07-CV-0693, 2010 WL 3420424, at *7 (W.D.N.Y. Aug. 27, 2010) (finding that the plaintiff's complaints of constipation, vomiting and stomach pain were not sufficiently serious to establish an Eighth Amendment violation); *Mortimer Excell v. Fischer*, No. 9:08-CV-945 (DNH/RFT), 2009 WL 3111711, at *4, *16-18 (N.D.N.Y. Sept. 24, 2009) ("Plaintiff claims that he suffered from heart and chest pains for a period of five (5) days, and that he was denied refills for medication used to treat stomach pain. Such conclusory allegations of heart, chest, and stomach pain, without more, do not satisfy the objective prong of the Eighth Amendment test.").

Furthermore, even assuming that delaying plaintiff's access to medication for one or more of his identified conditions were sufficient to satisfy the objective requirement, the amended complaint lacks allegations which plausibly suggest that any of plaintiff's conditions were life threatening or fast-degenerating, or that plaintiff was denied medication as a form of punishment. *See Washington v. Farooki*, No. 9:11-CV-1137 (TJM/CFH), 2013 WL 3328240, at *6 (N.D.N.Y. July 2, 2013) (noting that delays in treatment that constitute deliberate

indifference occur when "'officials deliberately delayed care as a form of punishment, ignored a life threatening and fast-degenerating condition for three days, or delayed major surgery for over two years'" (quoting *Brunskill v. Cnty. of Suffolk*, No. 11-CV-586, 2012 WL 2921180, at *3 (E.D.N.Y. July 11, 2012)). Indeed, plaintiff alleges in only conclusory fashion that defendant Foller denied him access to medication "to cause [plaintiff] great pain and extreme discomfort[.]" Am. Compl. at 4. Plaintiff, however, fails to allege facts which plausibly suggest that defendant Foller was even aware of what medications plaintiff was prescribed, let alone why he was prescribed those medications. *See Scott v. Koenigsmann*, No. 9:12-CV-1551, 2016 WL 1057051 (MAD/RFT), at *12 (N.D.N.Y. Mar. 14, 2016) ("[T]o establish a claim for deliberate indifference with respect to prescription medication, a plaintiff must plead that a defendant was aware that withholding the medication would result in an excessive risk to plaintiff's health."); *see also Davis v. McCready*, No. 14-CV-6405, 2017 WL 627454, at *1, 5 (S.D.N.Y. Feb. 15, 2017) (dismissing deliberate indifference claim where the plaintiff alleged he told the defendant of his medical issues and related pain and requested medication but only generally alleged that the defendant "'purposely ignor[ed]' his 'serious medical needs'"); *Fox v. Fischer*, No. 04-CV-6718, 2005 WL 1423580, at *4 (S.D.N.Y. June 14, 2005) (disregarding "[p]laintiff's claim that defendants conspired to deprive him of [medication] and access to an E.N.T. in order to cut costs," because "even if not filed in forma pauperis, a 'complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss'" (quoting *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999))), *aff'd*, 242 Fed. App'x 759 (2d Cir. 2007). In addition, plaintiff does not identify any encounters with defendant Foller prior to March 23, 2019, and suggests only one reason why defendant Foller might

9

have ordered that plaintiff's medication be discontinued, which is that defendant Foller believed plaintiff was misusing one or more of his prescribed medications. *See* Am. Compl. at 4.[1]

Discontinuing plaintiff's medication based on a belief that he was misusing it, even if incorrect, does not plausibly suggest deliberate indifference to plaintiff's medical needs, particularly where, as here, there are no allegations that defendant Foller knew or should have known how plaintiff's body would react following the discontinuation of the medications. *See Cole v. Pang Lay Kooi*, No. 11-CV-0004, 2013 WL 4026842, at *5 (N.D.N.Y. Aug. 6, 2013) (finding a lack of deliberate indifference where prisoner's Ultram prescription was discontinued after he was caught hoarding doses of the drug); *Scott*, 2016 WL 1057051, at *12.

Furthermore, with respect to defendant Lombardo, plaintiff alleges only that she "disregarded [his] medical needs" and should not have taken "the word of [defendant] Foller" and "spread [his] orders . . . to medical staff[.]" Am. Compl. at 4. The amended complaint, however, lacks any allegations which plausibly suggest that defendant Lombardo knew or should have known that withholding any (or all) of plaintiff's prescribed medications would result in an excessive risk to plaintiff's health. Indeed, the amended complaint lacks any allegations which plausibly suggest that plaintiff even spoke with defendant Lombardo after she discontinued his access to medications, let alone complained to her about pain or side effects associated with discontinued medication, which she then ignored.

In addition, while plaintiff alleges that defendant Lombardo informed other members of

---

[1] In the original complaint, plaintiff also alleged that defendant Foller charged plaintiff with "improper use of skin cream." Compl. at 5.

medical staff about defendant Foller's order to discontinue plaintiff's access to medications, the amended complaint lacks any allegations which plausibly suggest that defendant Lombardo took steps to deny plaintiff access to treatment despite knowing that her actions would cause plaintiff to suffer from one or more serious medical conditions. *See Munger v. Cahill*, No. 9:16-CV-728 (BKS/CFH), 2018 WL 4635709, at *14 (N.D.N.Y. July 23, 2018) ("[E]ven if Nurse White's decisions caused plaintiff unintended harm, negligence is not actionable under section 1983."), *report and recommendation adopted by* 2018 WL 4179451 (N.D.N.Y. Aug. 31, 2018), *reconsideration denied by* 2018 WL 6487881 (N.D.N.Y. Dec. 10, 2018); *Vail v. Lashway*, No. 9:12-CV-1245 (GTS/RFT), 2014 WL 4626490, at *11 (N.D.N.Y. Sept. 15, 2014) ("Even where the doctor allegedly knows that the medication contains addictive attributes and that the patient has been taking it for an extended period of time, the failure by the doctor to predict the patient's addiction and withdrawal amounts to nothing more than negligence or malpractice; tortious conduct which is not actionable under § 1983."). In fact, by plaintiff's own allegations, he was examined by medical staff following an emergency sick call request on March 30, 2019, and was examined again four days later by a doctor who reinstated his medications. Am. Compl. at 4. Moreover, there is no basis for the Court to plausibly infer that defendant Lombardo (or defendant Foller) was personally involved in denying plaintiff's sick call requests -- for unexplained, and apparently non-emergency, needs -- between March 23 and March 29, 2019.[2]

Thus, there is no basis for the Court to plausibly infer that either defendant Foller or defendant Lombardo acted with deliberate indifference to plaintiff's serious medical needs in

---

[2] The amended complaint lacks any allegations that plaintiff sought emergency sick call prior to March 30, 2019.

11

allegedly discontinuing his medications on March 23, 2019.

## III. CONCLUSION

In light of the foregoing, plaintiff's amended complaint is subject to dismissal in its entirety. Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *Abascal v. Hilton*, No. 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J., adopting, on *de novo* review, Report-Recommendation by Lowe, M.J.) ("Of course, granting a pro se plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."), *aff'd*, 357 Fed. App'x 388 (2d Cir. 2009); *accord, Shuler v. Brown*, No. 07-CV-0937, 2009 WL 790973, at *5 & n. 25 (N.D.N.Y. Mar. 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.), *Smith v. Fischer*, No. 07-CV-1264, 2009 WL 632890, at *5 & n. 20 (N.D.N.Y. Mar. 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.).[3]

---

[3] *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that denial of leave to amend was not an abuse of discretion where movant has repeatedly failed to cure deficiencies in pleading); *Coleman v. brokersXpress, LLC*, 375 Fed. App'x 136, 137 (2d Cir. 2010) ("Nor can we conclude that the district court abused its discretion in denying Coleman leave to amend. The district court afforded Coleman one opportunity to amend the complaint, and Coleman made no specific showing as to how he would cure the defects that persisted if given a second opportunity to amend."); *Dyson v. N.Y. Health Care, Inc.*, 353 Fed. App'x 502, 503-03 (2d Cir. 2009) ("[T]he district court did not abuse its discretion by dismissing Dyson's third amended complaint with prejudice.... [T]he district court afforded Dyson three opportunities to file an amended complaint so as to comply with Rule 8(a)(2), and, despite these, she did not plead any facts sufficient to show that she was plausibly entitled to any relief."); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("We do not mean to imply that the court has no power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible."); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of pro se plaintiff's amended complaint without leave to amend, for failure to state a claim upon which relief can be granted, without engaging in analysis of whether second amended complaint would be futile); *Yang v. New York City Trans. Auth.*, No. 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) ("Yang's amended complaint fails to remedy this defect in his pleadings. . . . His equal protection claim is dismissed."), *aff'd*, 71 Fed. App'x 90 (2d Cir. 2003); *Payne v.*

Moreover, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted), *accord, Brown v. Peters*, No. 6:95-CV-1641 (RSP/DS), 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman*, 371 U.S. at 182 (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").[4] This rule applies

---

*Malemathew*, No. 09-CV-1634, 2011 WL 3043920, at *6 (S.D.N.Y. July 22, 2011) ("Plaintiff has repeatedly failed to cure the defects in his claims despite having received detailed instructions and despite the bases of the dismissals having been specified in advance, and he has not identified any additional facts he could advance now that would address these defects. Accordingly, nothwithstanding Plaintiff's pro se status, leave to amend yet again is denied."); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) ("While that failure to plead special damages with respect to the other alleged representations in theory might be cured by amendment, plaintiff already has amended once and has not sought leave to amend again. Accordingly, the fraud claims will be dismissed except to the limited extend [sic] indicated.").

[4] The Court notes that two Second Circuit cases exist reciting the standard as being that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez*, 171 F.3d at 796; *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The problem with these cases is that their "rule out any possibility, however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which was "retire[d]" by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544

13

even to pro se plaintiffs. *See, e.g., Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355, at *1.

Here, the Court finds that the defects in plaintiff's medical indifference claims are substantive rather than merely formal, such that any further amendment would be futile. Accordingly, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**WHEREFORE**, it is hereby

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Clerk is directed to terminate all of the defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: September 27, 2019
      Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

(2007). *See Gomez*, 171 F.3d at 796 (relying on *Branum v. Clark*, 927 F.2d 698, 705 [2d Cir. 1991], which relied on *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). Thus, this standard does not appear to be an accurate recitation of the governing law.